UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEVIN YARBROUGH,

    Petitioner,                                     Civil Action No. 5:10-cv-14186

v.                                               HON. JOHN CORBETT O'MEARA

L. RAPELJE,

    Respondent.
_____/

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY**

**I. INTRODUCTION**

    This is a habeas case filed by a Michigan prisoner under 28 U.S.C. § 2254. Petitioner Kevin Yarbrough is incarcerated by the Michigan Department of Corrections, currently housed at the Macomb Correctional Facility in New Haven, Michigan, where he is serving sentences for his guilty-plea convictions, which occurred in the Circuit Court in Wayne County, Michigan. Petitioner pleaded guilty in two different cases. On January 2, 2007, in case number 06-11404-01, he pleaded guilty to felon in possession of a firearm, carrying a concealed weapon, and felony firearm. For those convictions, he was sentenced, pursuant to a *Cobbs*[1] agreement, on January 18, 2007, to concurrent prison terms of two to five years for the felon-in-possession and

---

[1] *People v. Cobbs*, 443 Mich. 276, 505 N.W.2d 208 (1993). A "*Cobbs* agreement" is an agreement in which the Michigan Supreme Court "authorized a particular type of plea agreement wherein a judge states the appropriate length of sentence, which is non-binding, but if the defendant subsequently pleads guilty, that defendant retains the absolute right to withdraw the plea if the judge later determines that the sentence must exceed the preliminary evaluation." *Wright v. Lafler*, 247 F. App'x 701, 703 n.1 (6th Cir. 2007) (citations omitted).

concealed-weapon convictions and a consecutive two-year term for the felony-firearm conviction. Then, on February 3, 2007, in case number 06-2847-01, Petitioner pleaded guilty to armed robbery, first-degree home invasion, and felony firearm. On April 3, 2007, pursuant to a sentencing agreement, he was sentenced to thirteen to twenty-five years for the armed-robbery and home-invasion convictions plus a consecutive two-year prison term for the felony-firearm conviction. The sentencing agreement required Petitioner to first serve the two-year prison sentence imposed in his first case, then the concurrent thirteen-year to twenty-five-year sentences for the armed-robbery and home-invasion convictions in his second case, along with the concurrent sentences of two to five years imposed in his first case for the weapons convictions. On October 19, 2010, Petitioner filed this habeas petition, *pro se*, alleging that his convictions and sentences are unconstitutional because his plea was coerced because his trial attorney was ineffective, his sentences were improperly enhanced, his appellate counsel was ineffective, and the trial court erred in denying his motion to suppress the photo identification. For the reasons stated below, the Court will deny the petition and will decline to issue Petitioner a certificate of appealability.

## II. BACKGROUND

This is a case where Petitioner was picked out of a photographic lineup almost a year after the incidents giving rise to his convictions. When he was arrested, he was in possession of a gun. Petitioner claims that he is innocent of the home-invasion and robbery charges and that he pleaded guilty because trial counsel coerced him into the plea, telling him that he would not go to trial with him.

2

In case number 06-2847-01, an evidentiary hearing was held on May 19, 2006. The hearing was held to challenge the identification of Petitioner as being unduly suggestive. The trial court heard evidence and ultimately denied Petitioner's request to suppress the photo identification. At sentencing, Petitioner moved to withdraw his plea, claiming that his attorney coerced him into pleading guilty. The motion was denied.

Following his sentencing, Petitioner filed a motion to remand and a delayed application for leave to appeal with the Michigan Court of Appeals, raising claims concerning his plea, the effectiveness of counsel, and his sentence. The Court of Appeals denied both the motion to remand and the delayed application. *People v. Yarborough*, No. 283257 (Mich. Ct. App. Mar. 21, 2008) (unpublished). The Michigan Supreme Court also denied his application for leave to appeal. *People v. Yarborough*, 482 Mich. 897, 753 N.W.2d 151 (2008) (unpublished table decision).

Subsequently, Petitioner filed a motion for relief from judgment with the state trial court, alleging that appellate counsel was ineffective, the trial court erred in denying his motion to suppress the identification, trial counsel was ineffective, and his plea was involuntary and coerced. The trial court denied his motion. *People v. Yarborough*, Nos. 06-2847-01, 06-11404-01 (3rd Judicial Cir. Ct. May 21, 2009). Both state appellate courts denied his applications for leave to appeal "because the defendant has failed to meet the burden of establishing entitlement to relief under MCR 6.508(D)." *People v. Yarborough*, No. 292427 (Mich. Ct. App. Oct. 14, 2009) (unpublished); *People v. Yarborough*, 486 Mich. 1042, 783 N.W.2d 334 (2010) (unpublished table decision).

### III. DISCUSSION

### A. Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when a state court has applied clearly established federal law in an objectively unreasonable manner. *Id.* at 409. A federal habeas court may not issue a writ if it concludes the state court applied clearly established federal law merely erroneously or incorrectly. *Id.* at 411.

The Supreme Court has explained that "[a] federal court's collateral review of a state-court decision must be consistent with the respect due state courts in our federal system." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). The "AEDPA thus imposes a 'highly

4

deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 559 U.S. ---, ---, 130 S.Ct. 1855, 1862 (2010) (quoting *Lindh v. Murphy*, 521 U.S. 320, 333 n.7 (1997); *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002) (per curiam)). "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. ---, ---, 131 S.Ct. 770, 786 (2011) (citation omitted). The Supreme Court has emphasized "[i]t bears repeating that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* at 786 (citation omitted).

Although section 2254(d), as amended by the AEDPA, does not completely bar federal courts from re-litigating claims that have previously been rejected in the state courts, it preserves the authority for a federal court to grant habeas relief only "in cases where there is no possibility fairminded jurists could disagree that the state[-]court's decision conflicts with" the Supreme Court's precedents. *Harrington*, 131 S.Ct. at 786. Indeed, "[s]ection 2254(d) reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Id.* (citation omitted). Thus, in order to obtain habeas relief in federal court, a state prisoner is required to show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 786-87.

A state court's factual determinations are presumed correct on federal-habeas review. 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption only with clear and convincing evidence. *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998). Further, habeas review is

"limited to the record that was before the state court." *Cullen v. Pinholster*, 563 U.S. ---, ---, 131 S.Ct. 1388, 1398 (2011).

With those standards in mind, the Court proceeds to address Petitioner's claims.

### B.  Petitioner's claims

#### 1.  Involuntary-plea claim

In his first habeas claim, Petitioner argues that he was coerced into taking a plea because his attorney was ineffective and the trial court abuse its discretion in denying his motion to withdraw his plea.

To the extent Petitioner claims that the trial court should have allowed him to withdraw his plea, his claim is non-cognizable. There is no federal constitutional right that requires a state court to allow a defendant to withdraw a voluntary and intelligent plea. *See Shanks v. Wolfenbarger*, 387 F. Supp. 2d 740, 748 (E.D. Mich. 2005). Rather, when a petitioner is convicted as a result of a plea, the only constitutional challenge that a habeas court may entertain is limited to whether the plea was made voluntarily, intelligently, and knowingly. *See United States v. Broce*, 488 U.S. 563, 569 (1989); *Boykin v. Alabama*, 395 U.S. 238, 242-43 (1969) (citation omitted). A plea is voluntary if it is not induced by threats or misrepresentations and the defendant is made aware of the direct consequences of the plea. *See Brady v. United States*, 397 U.S. 742, 755 (1970). The voluntariness of a plea "can be determined only by considering all of the relevant circumstances surrounding it." *Id.* at 749 (citations omitted). The plea is intelligent and knowing where there is nothing to indicate that the defendant is incompetent or otherwise not in control of his or her mental faculties, is aware of the nature of the charges, and is advised by competent counsel. *Id.* at 756. The plea must not only be voluntary but must be a

knowing and intelligent act done "with sufficient awareness of the relevant circumstances and likely consequences." *Id.* at 748. The same standard applies to a plea of no-contest or nolo contendere. *See Fautenberry v. Mitchell*, 515 F.3d 614, 636-37 (6th Cir. 2008).

Thus, Petitioner's plea is only valid if it was made on the advice of competent counsel. *See Hunter v. United States*, 160 F.3d 1109, 1115 (6th Cir. 1998) (citing *Cuyler v. Sullivan*, 446 U.S. 335, 344, 100 S.Ct. 1708 (1980)). Because Petitioner alleges that he received ineffective assistance of trial counsel causing his plea to be involuntary, the competency of Petitioner's counsel as it relates to his plea must be addressed. A guilty plea cannot be attacked on ineffective assistance grounds "unless counsel was not 'a reasonably competent attorney' and the advice was not 'within the range of competence demanded of attorneys in criminal cases.'" *Strickland v. Washington*, 466 U.S. 668, 687 (1984) (quoting *McMann v. Richardson*, 397 U.S. 759, 770-71 (1970)); *see also Hunter*, 160 F.3d at 1115 (indicating that *Strickland* two-part test applies to ineffective-assistance-of-counsel claims in the plea context). "Judicial scrutiny of counsel's performance must be highly deferential." *Strickland*, 466 U.S. at 688. Moreover, to demonstrate prejudice, Petitioner must show that but for counsel's incompetence, he would not have pleaded guilty. *Griffin v. United States*, 330 F.3d 733, 736-37 (6th Cir. 2003) (quoting *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985)).

Petitioner's claims are unsupported by the record and are without merit. Rather, the state-court records reveal that Petitioner's plea was knowing, intelligent, and voluntary. Petitioner stated that he heard and understood the content of the charges against him and the potential sentences that he faced. He acknowledged that he understood that by pleading guilty he would not have a trial or the rights associated with having a trial. He said that no one had

promised him anything other than what was in the plea agreements, that no one had threatened him to get him to plead guilty, and that it was his choice to plead guilty. Plea Hr'g Tr., 5-10 Jan. 2, 2007, ECF No. 6-8; Plea Hr'g Tr., 10-18, Feb. 13, 2007, ECF No. 6-11.

The Court finds no evidence in either state-court record demonstrating that Petitioner's pleas were anything but knowingly, intelligently, and voluntarily made. Thus, the Court finds that counsel was not ineffective. Given that, the Court concludes that habeas relief is not warranted with respect to this claim.

### 2. Sentencing claim

In his second habeas claim, Petitioner alleges that he is entitled to re-sentencing because it was based on the improper scoring of Offense Variables (OVs) 9, 10, and 12 of Michigan's sentencing guidelines relating to contemporaneous criminal acts. Petitioner also argues that his sentence was based on factual findings or conclusions that were not submitted and proved to a jury beyond a reasonable doubt. He claims that counsel was ineffective for failing to object to the inaccurate scoring.

To the extent that Petitioner argues that the trial court erred in scoring the sentencing guidelines, his claims raise issues of state law and do not implicate any federal rights, and thus, his claim is non-cognizable on federal-habeas review. *Swarthout v. Cooke*, 562 U.S. ---, 131 S.Ct. 859, 861 (2011) (habeas-corpus relief does not lie for errors of state law) (quoting *Estelle v. McGuire*, 502 U.S. 62, 67 (1991); *see also Landrum v. Mitchell*, 625 F.3d 905, 913 (6th Cir. 2010) (same). Therefore, Petitioner's assertion that his sentence is invalid because the trial court incorrectly scored OVs 9, 10, and 12 under the State's sentencing guidelines fails to state a claim

for federal-habeas relief because it is a state-law claim and non-cognizable. *See Austin v. Jackson*, 231 F.3d 298, 300-01 (6th Cir. 2000) (citation omitted). Habeas relief is not warranted.

To the extent that Petitioner argues that his sentence is improper because his minimum-sentence-guidelines range was increased based on facts not proven to jury beyond a reasonable doubt or admitted by him is likewise without merit. In support of this claim, Petitioner relies on *Blakely v. Washington*, 542 U.S. 296 (2004), in which the United States Supreme Court held that, other than the fact of a defendant's prior conviction, any fact that increases or enhances a penalty for the crime beyond the prescribed statutory maximum for the offense must be submitted to the jury and proven beyond a reasonable doubt. *Id.* at 301 (citing *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000)); *see also United States v. Booker*, 543 U.S. 220, 232 (2005) (same). However, this claim has been foreclosed by the Sixth Circuit's decision in *Chontos v. Berghuis*, 585 F.3d 1000, 1002 (6th Cir. 2009) (*Apprendi's* rule does not apply to judicial fact-finding that increases a minimum sentence so long as the sentence does not exceed the applicable statutory maximum); *see also Montes v. Trombley*, 599 F.3d 490, 495 (6th Cir. 2010) (same). This Court is bound by the Sixth Circuit's decisions. Habeas relief is not warranted.

Finally, Petitioner argues that he is entitled to re-sentencing because counsel was ineffective in failing to object to the alleged incorrect scoring. However, counsel cannot be deemed deficient for failing to object. The fact that the trial court sentenced Petitioner below what was recommended by the guidelines prevents Petitioner from demonstrating that any alleged error by counsel in regard to the scoring of the OVs did not result in prejudice to him. Petitioner is not entitled to habeas relief with respect to his sentencing claim.

9

### 3. Fourth and fifth habeas claims are procedurally defaulted

In his fourth habeas claim, Petitioner alleges that the trial court abused its discretion in denying his motion to suppress the photo identification. In his fifth claim, he argues that counsel was ineffective with respect to advising about the plea. See Discussion III, B,1, *supra*. Respondent contends that these claims are procedurally defaulted because Petitioner raised these claims for the first time when he filed his post-conviction motion for relief from judgment in the state-trial court and failed to show cause and prejudice for failing to raise them earlier, as required by Michigan Court Rule 6.508(D)(3). *See Yarbrough*, Nos. 06-2847-01, 06-11404-01, at 3, ECF No. 6-15 (trial court denied motion because claims could have been raised in Petitioner's prior appeal and he failed to establish good cause for his default and prejudice).

When the state courts clearly and expressly rely on a valid state-procedural bar, federal-habeas review also "is barred unless the [Petitioner] can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). If a petitioner fails to show cause for his procedural default, it is unnecessary for the court to reach the prejudice issue. *See Smith v. Murray*, 477 U.S. 527, 533 (1986). However, in an extraordinary case, where a constitutional error has probably resulted in the conviction of one who is actually innocent, a federal court may consider the constitutional claims presented, even in the absence of a showing of cause for procedural default. *Murray v. Carrier*, 477 U.S. 478, 496 (1986). To be credible, such a claim of innocence requires a petitioner to support the allegations of constitutional error with new reliable evidence that was not presented at trial. *Schlup v. Delo*, 513 U.S. 298, 324 (1995). Moreover, actual innocence,

which would permit collateral review of a procedurally defaulted claim, means factual innocence, not mere legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623 (1998).

The United States Supreme Court has noted that "a procedural default does not bar consideration of a federal claim on either direct or habeas review unless the last state court rendering a judgment in the case 'clearly and expressly' states that its judgment rests on a state procedural bar." *Harris v. Reed*, 489 U.S. 255, 263 (1989) (citations omitted). If the last, state-court judgment contains no reasoning but simply affirms the conviction in a standard order, the federal-habeas court must look to the last-reasoned, state-court judgment rejecting the federal claim and apply a presumption that later unexplained orders upholding the judgment or rejecting the same claim rested upon the same ground. *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991).

Michigan Court Rule 6.508(D)(3) provides that a court may not grant relief to a defendant if the motion for relief from judgment alleges grounds for relief which could have been raised in a prior motion or appeal, absent a showing of good cause for the failure to raise such grounds previously and actual prejudice resulting therefrom. In such a case, "actual prejudice" means that "but for the alleged error, the defendant would have had a reasonably likely chance of acquittal." MCR 6.508(D)(3)(b)(i). In the present case, the Michigan Court of Appeals and Supreme Court rejected Petitioner's post-conviction appeal on the ground that he failed to meet his burden of establishing entitlement to relief under Michigan Court Rule 6.508(D). *See Yarbrough*, No. 292427; *Yarbrough*, 486 Mich. 1042, 783 N.W.2d 334.

It was once established in this Circuit that simply citing to Rule 6.508(D) constituted an adequate and independent ground on which the Michigan Supreme Court could rely in

11

foreclosing review of federal claims. However, that changed with the Sixth Circuit's opinion in *Guilmette v. Howes*, 624 F.3d 286, 291 (6th Cir. 2010).

In *Guilmette*, the Sixth Circuit found the form orders used by the Court of Appeals in denying an appeal of a trial court's denial of a motion for relief from judgment under Michigan Court Rule 6.508(D) "ambiguous as to whether they refer to procedural default or denial of relief on the merits." *Guilmette*, 624 F.3d at 291. As such, the Sixth Circuit found that such orders were "unexplained." *Id.* Thus, this Court must look to the last-reasoned, state-court opinion in order to determine the basis for the state court's rejection of Petitioner's claims. *Id.*

Here, the trial judge, although addressing the merits, nevertheless clearly and expressly relied on Petitioner's failure to comply with the cause and prejudice requirements contained in Michigan Court Rule 6.508(D)(3), in denying his post-conviction motion. *Yarbrough*, Nos. 06-2847-01, 06-11404-01, at 3. Thus, the state court's reliance on Michigan's Court Rule 6.508(D)(3) was an adequate and independent state ground for denying review of Petitioner's claims.

The Supreme Court's decision in *Harrington*, *supra*, does not alter this Court's analysis. In *Harrington*, the Supreme Court held that "[w]hen a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." *Harrington*, 131 S.Ct. at 784-85 (citation omitted). Citing the "look through" principle discussed in *Ylst*, the *Harrington* Court further stated that "[t]he presumption may be overcome when there is reason to think some other explanation for the state court's decision is more likely." *Id.* at 785.

12

Here, "looking through" to the trial court's decision, it is clear that the decision explicitly imposes a procedural default. Thus, *Harrington's* presumption that the appellate court orders denying Petitioner's constitutional claims were merits determinations does not apply. Hence, Petitioner may only obtain habeas review of his claims if he can establish cause and prejudice or that failure to review his claims would result in a fundamental miscarriage of justice. *Ylst*, 501 U.S. at 803.

In order to show cause for his default, Petitioner must establish that some objective factor, external to his defense, prevented him from complying with the State's procedural rule. *Murray*, 477 U.S. at 488. In this case, Petitioner argues that appellate counsel was ineffective and that constitutes cause to excuse his failure to raise his claims during his first-tier appeal. In order for appellate-attorney error to constitute cause, it must rise to the level of ineffective assistance of counsel under the standard in *Strickland*, *supra*.

Supreme Court precedent has established that a criminal defendant does not have a constitutional right to have appellate counsel raise every non-frivolous issue on appeal. *See Jones v. Barnes*, 463 U.S. 745, 751 (1983). Strategic and tactical choices regarding which issues to pursue on appeal are "properly left to the sound professional judgment of counsel." *United States v. Perry*, 908 F.2d 56, 59 (6th Cir. 1990) (citation omitted). In fact, "the hallmark of effective appellate advocacy" is the "process of 'winnowing out weaker arguments on appeal and focusing on' those more likely to prevail." *Smith v. Murray*, 477 U.S. at 536 (quoting *Jones*, 463 U.S. at 751-52). "Generally, only when ignored issues are clearly stronger than those presented will the presumption of effective assistance of appellate counsel be overcome." *Monzo v. Edwards*, 281 F.3d 568, 579 (6th Cir. 2002) (citation omitted).

Appellate counsel may deliver deficient performance and prejudice to a defendant, however, "by omitting a 'dead-bang winner,' even though counsel may have presented strong but unsuccessful claims on appeal." *Meade v. Lavigne*, 265 F. Supp. 2d 849, 870 (E.D. Mich. 2003) (citations omitted). "A 'dead-bang winner' is an issue which was obvious from the trial record [] and one which would have resulted in a reversal on appeal." *Id.* (internal quotations and citations omitted).

In this case, Petitioner fails to show that his appellate counsel rendered ineffective assistance by omitting from his first-tier appeal the claims that he raised for the first time in his post-conviction motion. Appellate counsel filed a sixteen-page brief, raising claims concerning the effectiveness of trial counsel with respect to his plea and his enhanced sentence. Appellate counsel's action in raising some issues over other issues was a strategic decision and does not constitute ineffective assistance of counsel. Petitioner fails to show that appellate counsel's strategy in presenting some claims and not raising other claims was deficient or unreasonable or that appellate counsel omitted a dead-bang-winner. Therefore, he is unable to establish cause for his procedural default. And, because he cannot demonstrate cause for his procedural default, it is unnecessary for the Court to reach the prejudice issue. *Smith v. Murray*, 477 U.S. at 533.

Additionally, Petitioner does not present new or reliable evidence to support any assertion of innocence which would allow this Court to consider these claims as a ground for a writ of habeas corpus, in spite of the procedural default. Because Petitioner has not presented any new or reliable evidence that he is innocent of these crimes, a miscarriage of justice will not result if the Court declines to review his defaulted claims.

The Court concludes that Petitioner's fourth and fifth claims are procedurally defaulted and he is not entitled to habeas relief. Nevertheless, even if the Court were to find that Petitioner had established good cause and prejudice to excuse his procedural default, the Court would find that he is not entitled to habeas relief because his claims lack merit.

With respect to this fourth habeas claim, the trial court did not abuse its discretion in denying the motion to suppress the photo identification. A conviction based on identification testimony that follows a pre-trial photo identification violates a defendant's constitutional right to due process if the pre-trial "identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." *Simmons v. United States*, 390 U.S. 377, 384 (1968).

Following an evidentiary hearing on this claim, the trial court denied Petitioner's request to suppress the photo identification. Petitioner simply disagrees with the trial court's conclusion and fails to provide evidence that the trial court's conclusion was devoid of evidence or that it was an unreasonable determination of the facts or clearly erroneous. See 28 U.S.C. § 2254(e)(1). Moreover, this issue is waived because of Petitioner's guilty plea. A guilty plea constitutes a waiver of all pre-plea, non-jurisdictional, constitutional deprivations. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). A no-contest plea also constitutes a waiver of all non- jurisdictional defects. *United States v. Freed*, 688 F.2d 24, 25 (6th Cir. 1982); *see also Shanks*, 387 F. Supp. 2d at 747 (same).

As stated, Petitioner appears to have understood the charges, the rights he was waiving, and the consequences of his plea. Petitioner's "[s]olemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Consequently, he

15

has waived review of his claim that the photo identification of him was tainted. *Tollett*, 411 U.S. at 267; *Brown v. Warren*, No. 11-cv-11504, 2012 WL 37400 (E.D. Mich. Jan. 9, 2012) (citations omitted).

In his fifth claim, Petitioner claims that trial counsel's ineffectiveness rendered his guilty plea involuntary, arguing that he pleaded guilty without the full understanding of the plea. The Court concludes, for the reasons stated more fully, *supra*, that the record in this case is devoid of evidence to support Petitioner's position that he was coerced into pleading guilty. Habeas relief is not warranted.

## IV. CONCLUSION

For the reasons stated, the Court **DENIES** the instant petition.

The Court also will decline to issue a certificate of appealability (COA) to Petitioner. A court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal district court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Id.* at 336-37. When a federal district court denies a habeas claim on procedural grounds without addressing the merits, a COA should issue if it is shown that jurists of reason would find it

debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack*, 529 U.S. at 484-85.

The Court concludes that jurists of reason would not find its assessment of Petitioner's case debatable or wrong. The Court thus declines to issue him a COA.

Accordingly,

IT IS HEREBY ORDERED that Petitioner's "Petition for Writ of Habeas Corpus" [ECF No. 1] is DENIED.

IT IS FURTHER ORDERED that the Court DECLINES to issue Petitioner a COA.


                s/John Corbett O'Meara
                United States District Judge


Date: March 20, 2013


I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, March 20, 2013, using the ECF system and/or ordinary mail.

                s/William Barkholz
                Case Manager